NOT FOR PUBLICATION

FILED
JAMES J. WALDRON, CLERK

**APRIL 22, 2013**

U.S. BANKRUPTCY COURT
NEWARK, N.J.

BY: s/ *Ronnie Plasner*
JUDICIAL ASSISTANT

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In Re:

**JOSEPHINE VON KOESTER,**

Debtor.

Case No.:   11-27778 (DHS)

Judge:   Donald H. Steckroth, U.S.B.J.

**OPINION**

**APPEARANCES:**

**Eric R. Perkins, Esq.**
McElroy, Deutsch, Mulvaney & Carpenter
40 West Ridgewood Avenue
Ridgewood, New Jersey 07450
*Chapter 7 Trustee*

Becker Meisel LLC
Stacey L. Meisel, Esq.
Douglas A. Kent, Esq.
Eisenhower Plaza II
354 Eisenhower Parkway, Suite 1500
Livingston, New Jersey 07039
*Counsel for Eric Perkins,*
*Chapter 7 Trustee*

Robert L. Sweeney, Esq.
141 Main Street, 2nd Floor
Hackensack, New Jersey 07601
*Counsel for Debtor*

Susan B. Fagan-Limpert, LLC
Attorney at Law
Susan Fagan-Rodriguez, Esq.
89 Mountain Heights Avenue
P.O. Box 208
Lincoln Park, New Jersey 07035
*Counsel for Helen Barnes*

**THE HONORABLE DONALD H. STECKROTH, BANKRUPTCY JUDGE**

This is an Opinion relative to the motion made by the Trustee in the above-captioned matter for a surcharge pursuant to 11 U.S.C. § 506(c) seeking: (1) to surcharge the secured claim of Helen Barnes, Trustee, Bergen Eastern Pension Trust ("Bergen Trust") secured by a first lien on the real property commonly known as 224 Hope Street, Ridgewood, New Jersey (the "Property") for the costs and expenses incurred by the Trustee relating to the Property and the sale thereof and (2) surcharging the Debtor's exemption in the Property ("Motion").

The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 1334(b), 157(a), and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984 as amended September 18, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Venue is proper under 28 U.S.C. §§ 1408. The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

On June 9, 2011, the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. On August 5, 2011, the Debtor filed a notice to voluntarily convert her Chapter 13 case to a case under Chapter 7 of the Bankruptcy Code. The Court entered an order converting the Debtor's case to Chapter 7 on August 8, 2011 and on August 9, 2011, the Court appointed Eric R. Perkins as the Chapter 7 Trustee ("Trustee"). The Trustee was authorized to retain Becker Meisel LLC ("Becker Meisel") as the Trustee's attorneys. The Debtor has claimed an exemption of $21,625.00 in the Property ("Debtor's Exemption"). The Trustee has no funds in the estate and has no prospects for obtaining any funds other than through the sale of the Property.

The Bergen Trust holds certificates for taxes and other municipal charges against the Property, which, as of March 15, 2013, had a redemption amount in the sum of $228,075.18, with interest accruing daily of approximately $53.70. This redemption amount represents Bergen Trust's first lien on the Property ("Bergen Trust Lien"). Davis & Davis LLP filed an amended secured claim in the amount of $50,000 secured by a mortgage on the Property. By Consent Order after challenge, the amount of the Davis lien was reduced to $30,000. The claims filed by the Bergen Trust and Davis & Davis LLP are the only claims filed against the estate.

At the outset of the case, the Bergen Trust worked with the Trustee to sell the Property so that it could credit bid and be paid or take title to the Property. Since the liens on the Property together with Debtor's Exemption totaled less than $300,000 and the Debtor's Property had an appraised value of $450,000, it was reasonable that the Property could be refinanced to provide sufficient proceeds to pay all the claims against the estate including the lien claims, all administrative claims, and the Debtor's Exemption. Accordingly, the Trustee worked with the Debtor to see if the Debtor could obtain a reverse mortgage that would allow her to maintain her home while paying off the liens and administrative expenses.

Due primarily to the inaction of the Debtor relative to maintenance of the Property and the possible refinancing and later public auction of the Property, the Trustee has incurred a substantial amount of attorney's fees and costs and the Trustee herself had to expend a considerable amount of time and energy regarding the Property. Unfortunately, despite the Debtor being given time and opportunity to obtain a reverse mortgage, the Debtor failed to consummate that transaction. Thereafter, at the Trustee's direction, Trustee's counsel prepared the necessary pleadings for the Trustee to obtain A. J. Willner Auctions LLC ("Willner") to sell the Property by public auction and an Order was entered retaining the Willner firm. The Bergen

Trust did not object to the entry of the Willner retention Order. At the Trustee's direction, Becker Meisel prepared the necessary pleadings for the entry of an Order authorizing the sale of the Property free and clear of liens with liens to attach to the proceeds of sale pursuant to section 363 of the Bankruptcy Code. The Bergen Trust did not object to the Trustee's application to sell the Property or the entry of the Order authorizing the sale of the Property. Thereafter, the Trustee had to make application and the Court had to Order the Debtor to comply with the sale Order, directing the Debtor to remove and relocate belongings and clean up the exterior by a date certain so that the sale could occur. The Debtor failed to fulfill her obligations under the Order to compel, and she failed to remove personal belongings from the interior of the Property as well as the exterior of the Property. Due to the Debtor's conduct, the Trustee was forced to expend a considerable amount of time relating to the attempted refinance of the Property, the preservation and protection of the Property, and overall preparing the Property in order to achieve the best possible price at the public auction sale.

The Property was sold at public sale and the sale approved by this Court on March 26, 2013 for the sum of $320,000. Closing is set for April 25, 2013. The Trustee now seeks a surcharge under section 506(c) for costs and expenses incurred relating to the sale of the Property.

The Trustee's letter of April 12, 2013 gives the latest figures being sought:

| | | |
|---|---|---|
| | $320,000.00 | Sale price of 224 Hope Street, Ridgewood, New Jersey |
| - | 9,177.11 | Unpaid real estate taxes to March 21, 2013 |
| | $310,822.89 | |
| - | 16,589.75 | Trustee's clean-up, storage & insurance costs as of March 21, 2013 |
| | $294,233.14 | |
| - | 2,000.00 | Estimated additional clean-up costs for debris post vacating |
| | $292,233.14 | |
| - | 17,438.95 | Auctioneer's fees and costs |
| | $274,794.19 | |
| - | 19,250.00 | Trustee's Commission |
| | $255,544.19 | |
| - | 58,876.27 | Becker Meisel's Fees as of March 5, 2013 |
| | $196,667.92 | |
| - | 15,000.00 | Becker Meisel's Fees Post March 5, 2013 |
| | $181,667.92 | |
| - | 2,500.00 | Accountant's approximate fees re: tax returns |
| | **$179,167.92** | Ttrustee's estimate of total approximate amount remaining minus additional monies for unpaid real estate taxes. |

The tax sale certificate holder, Helen Barnes, argued against surcharge of its lien stating that the Property should have been abandoned, that Barnes did not consent to a sale nor did the Trustee preserve the assets for the lienholder's benefit. It also argues that the Davis lien is totally subordinated to it and the Davis claim should be treated as unsecured unless the Davis lien/mortgage had redeemed the tax sale certificate which, of course, it has not done.

Davis argues its claim has already been compromised and should somehow share in the proceeds of sale. See letter of April 15, 2013 from Joyce Davis, Esq. Finally, Debtor's counsel

argues his client's exemption is important to her, should not be surcharged, and that the Trustee's counsel fees are excessive and should not be allowed as requested.

The governing law is clear. 11 U.S.C. § 506(c) provides as follows:

> The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim, including the payment of all ad valorem property taxes with respect to the property.

If the Trustee shows that the expenses the Trustee incurs or incurred are reasonable and necessary for the preservation or disposal of the Property and provided a benefit to the Bergen Trust as the first lien holder on the Property, the Trustee is entitled to recover such expenses by surcharging the Bergen Trust Lien for the payment of such expenses pursuant to 11 U.S.C. § 506(c). *In re C. S. Associates*, 29 F.3d 903, 906 (3d Cir. 1994); *See Equibank, N.A. v. Wheeling-Pittsburgh Steel Corp.*, 884 F.2d 80, 86-87 (3d Cir. 1989); *In re McKeesport Steel Castings Co.*, 799 F.2d 91, 94-95 (3d Cir. 1986).

Here, the first lien holder did not move for stay relief but instead allowed and encouraged the Trustee to proceed with efforts to sell the Property. Unfortunately, two significant occurrences took place. First, the Property sold for far less than the appraised value or the Debtor's valuation, therefore not producing proceeds sufficient to satisfy all liens, including taxes, tax certificates and mortgages, plus administrative expenses and secondly, the Debtor's failure to secure a reverse mortgage, her failure to cooperate with the Trustee, and the enormous cleanup expenses incurred because of the condition of the Property solely caused by the Debtor's abuse and neglect.

As a result, a section 506(c) surcharge is appropriate. The Trustee did incur expenses for the benefit of the secured party and the Debtor must also be surcharged because of the Debtor's

conduct and condition of the Property which caused enormous clean-up and storage expenses. The Bergen Trust certainly received a benefit within the meaning of section 506(c) from the Trustee's expenses which preserved or increased the value of the collateral. Clearly, but for the Trustee and counsel's efforts, the Trust would reap the benefit of their actions taken to preserve the collateral and conduct a sale without shouldering any of the cost. This is what is protected by section 506(c). Here, the Trustee did in fact incur significant expenses for the benefit of the secured party. The Debtor's exemption should also be surcharged because of the Debtor's conduct and the condition of the Property caused solely by Debtor. As to the Davis lien, the tax sale certificate has priority over all other liens, including the Davis mortgage. N.J.S.A. 54:5-9 states, in pertinent part: "Every municipal lien shall be a first lien on such land and paramount to all prior or subsequent alienations . . ., except subsequent municipal liens." N.J.S.A. 54:5-9. Therefore, under the facts in this case, the Davis lien becomes subordinate to the Bergen Trust Lien and will receive no distribution.

I hereby authorize payments be made at the time of sale including unpaid real estate taxes, Trustee's cleanup, storage and insurance costs, estimated additional cleanup costs, auctioneer's fees and costs, and accountant's approximate fees re: tax return, each in the sum outlined above. The Debtor's Exemption of $21,625 shall be surcharged $10,000 for a portion of the storage, insurance, and clean-up costs. The balance of Debtor's Exemption shall be paid to her. In addition, I authorize payment of Trustee's commissions in the sum of $19,250 and Becker Meisel's total fees in the sum of $60,000, which shall represent a surcharge against the proceeds payable to the Bergen Trust. As a result, the net sum, after payment of the costs, fees, taxes, and Debtor's Exemption authorized herein, shall be paid to the secured party, the Bergen Trust.

An Order in conformance with this Opinion has been entered by the Court.

*s/ Donald H. Steckroth*

_____
DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Dated:   April 22, 2013